# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JULY 1998 SESSION



FILED

September 22, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **JEFFERY J. HANKINS,** | ) | |
| | ) | C.C.A. NO: 02C01-9709-CC-00355 |
| Appellant, | ) | |
| | ) | MADISON COUNTY |
| VS. | ) | |
| | ) | HON. FRANKLIN MURCHISON, Judge |
| | ) | |
| **STATE OF TENNESSEE,** | ) | (Post-Conviction) |
| | ) | |
| Appellee. | ) | |

FOR THE APPELLANT:

GEORGE MORTON GOOGE
District Public Defender
(On Appeal)

DANIEL J. TAYLOR
Asst. Public Defender
227 West Baltimore Street
Floor
Jackson, TN   38301
(At PC Hearing)

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

GEORGIA BLYTHE FELNER
Counsel for the State
Criminal Justice Division
        Cordell Hull Building, Second

425 Fifth Avenue North
Nashville, TN   37243-0493

Jerry Woodall
District Attorney General

Al Earls
Asst. District Attorney General
P.O. Box 2825
Jackson, TN   38301

OPINION FILED: _____

**AFFIRMED**

ROBERT W. WEDEMEYER,
Special Judge

**O P I N I O N**

On October 13, 1993, the petitioner was convicted by a jury on two counts of aggravated robbery and one count of use of a weapon in the commission of a felony and upon a guilty plea to possession of cocaine. On direct appeal, the aggravated robbery counts were affirmed; however, the use of a weapon conviction was reversed. State v. Jeffery Hankins, No. 02C01-9404-CC-00069 (Tenn. Crim. App. Jan. 11, 1995). On March 25, 1996, the petitioner filed a petition for post-conviction relief in which he claimed that his trial counsel was ineffective. Following an evidentiary hearing, the trial court denied the petition. From this denial, the petitioner appeals.

In this appeal, the petitioner argues that the trial court errantly denied his petition by finding that he received the effective assistance of counsel. He argues that counsel was ineffective in failing to: (1) fully investigate the case; (2) adequately prepare for trial; (3) interview witnesses for a defense; (4) interview the state's witnesses; and (5) failed to give the petitioner copies of discovered document. Following our review, we affirm the decision of the trial court.

**FACTS**

The facts adduced at the post-conviction hearing reveal that trial counsel, Russell Larson, was appointed to represent the defendant. Early in his representation, Larson filed numerous pre-trial motions including motions for discovery. Upon receiving various documents through discovery, Mr. Larson made copies and gave them to the defendant. Larson specifically remembered taking a "fairly substantial stack of papers up to the jail." He said that he explained the defendant's rights to him and felt like the defendant understood what was happening.

Mr. Larson wrote letters to the defendant and met with him at least ten times for an hour or more each time. Larson insisted that he tried to keep the defendant abreast of any developments in his case. When asked about the failure to interview two state witnesses, Larson indicated that such interviews would have been duplicative since he had the preliminary hearing testimony of both witnesses. Mr. Larson also interviewed the investigating officers to match their statements with the police reports.

2

According to Larson, the defendant gave him list of nicknames of people who would likely testify that the robbery was merely a simple assault. However, Larson was unable to find these people based only on their nicknames. Even had they been found, Mr. Larson concluded that these witnesses would have confirmed the assault. As to the crack cocaine charge, the defendant told Larson that Antionio Bates could state that the drugs were not being sold. Mr. Larson learned that Bates was possibly in a Nashville jail and decided not to make further contact with Bates after the defendant confessed to the police that the drugs belonged to him.

Because the District Attorney General's office was offering the defendant the minimum sentence in the crack cocaine case, Larson believed it to be in the defendant's best interest to plea bargain. In entering the eventual guilty plea to the drug charge, the defendant stated that he understood his rights and admitted that he had no defense to the crime.

Larson chose to advise the defendant not to testify at the robbery trial because the defendant insisted he would maintain that the incident was merely an assault. Had the defendant testified and admitted guilt to the assault portion of the charge, the jury would only have to find that property was taken to convict. State witnesses were prepared to testify that an automobile and black leather jacket were taken. Further, medical evidence confirmed that two victims had been pistol whipped.

None of the proposed witnesses complained of in the petition testified at the hearing. The trial court concluded that

**LEGAL ANALYSIS**

In this appeal, the defendant's sole issue is that the trial court erred in denying his post-conviction petition. The trial court's findings of fact from post-conviction hearings are afforded the weight of a jury verdict and such findings are conclusive on appeal unless the evidence preponderates otherwise. Butler v. State, 789 S.W.2d 898, 899-900 (Tenn. 1990); Dixon v. State, 934 S.W.2d 69, 72 (Tenn. Crim. App. 1996). Because the petition in the instant case was filed after May 10, 1995, the petitioner must prove the factual allegations of the petition by clear and convincing evidence.

3

Ross Jones v. State, No. 01C01-9604-CR-00155 (Tenn. Crim. App. Sept. 19, 1997).

In reviewing claims of ineffective assistance of counsel, this Court applies the standards established in Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975) and Strickland v. Washington, 466 U.S. 668 (1984). The petitioner has the burden of proving that (1) counsel's performance was deficient, and (2) the deficient performance resulted in prejudice to the petitioner so as to deprive him of a fair trial. Strickland, 466 U.S. at 687; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996).

In Tennessee, this Court must determine whether counsel's performance falls within the range of competence demanded of attorneys in criminal cases. Baxter, 523 S.W.2d at 936. The petition must overcome the presumption that counsel's conduct falls within the wide range of acceptable professional assistance. Strickland, 466 U.S. at 689. Therefore, to prove a deficiency in counsel's performance, the petitioner must show that counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms. Id. at 688.

Initially, the Court notes that the defendant failed to present those witnesses he claims should have been called to testify at trial. Therefore, he has failed to meet his burden on those allegations. Next, this Court finds that trial counsel provided copies of discovery documents to the defendant. Similarly, this contention is without merit.

As to counsel's performance in investigating the case and preparing for trial, the testimony revealed that counsel made tactical decisions based on the facts and circumstances known to him. Such strategic or tactical decisions are given deference on appeal if the choices are informed and based upon adequate preparation. Goad, 938 S.W.2d at 369. Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). Here, the Court will not conclude, in hindsight, that other decisions should have been made.

The defendant pled guilty to the drug charge based upon the advice of counsel. In this context, the defendant must show that, but for counsel's errors, he would not have pled guilty. Hill v. Lockart, 474 U.S. 52, 58-59 (1985). In this case, the defendant has failed to specifically articulate how counsel erred in advising that the defendant plead guilty in light of the State's offer of the minimum sentence and the evidence. Further, he fails to convince this Court that he would not have pled guilty and would

4

have demanded a jury trial.  Therefore, this issue is without merit.

The trial court concluded that the petitioner made only general claims in his petition and at the hearing.  It therefore concluded that the petitioner had failed to meet his burden of establishing that counsel's performance was deficient or that such a performance prejudiced him.  Following our review, we agree with the trial court and conclude that the petitioner has failed to meet his burden.

## CONCLUSION

Having reviewed the record, we conclude that the defendant's claims of error are without merit.  Accordingly, we AFFIRM the judgment of the trial court.

_____
ROBERT W. WEDEMEYER,
Special Judge

CONCUR:

_____
JOE G. RILEY, Judge

_____
CURWOOD WITT, Judge